IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY S. VERTIDO, an individual, AND DARLENE M. VERTIDO an individual, | ) ) ) ) | CV. NO.  11-00360 DAE-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| GMAC MORTGAGE CORP, a Business Entity, form unknown; GMAC MORTGAGE, LLC, a Business Entity form unknown, FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Business Entity form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Business Entity form unknown; and DOES 1–100 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## ORDER: GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

On January 17, 2012, the Court heard Defendants' Motion to Dismiss.

Anthony S. Vertido and Darlene M. Vertido (collectively, "Plaintiffs"), appearing

pro se, attended the hearing; Laura Moritz, Esq., appeared on behalf of Defendants.

After reviewing the Motion and the supporting and opposing memoranda, the

Court **GRANTS** Defendants' Motion to Dismiss (Doc. # 19).

BACKGROUND

On June 6, 2011, Plaintiffs Anthony S. Vertido and Darlene M.

Vertido (collectively "Plaintiffs") filed a Complaint in this Court against

Defendants GMAC Mortgage Corp., GMAC Mortgage, LLC, Federal National

Mortgage Association, and Mortgage Electronic Registration Systems (collectively

"Defendants"), alleging that Plaintiffs had been lured into a predatory mortgage

loan.  ("Compl.," Doc # 1.)  Specifically, Plaintiffs' Complaint alleges the

following Counts:

- Count I: Declaratory Relief.  (Id. ¶¶ 42–45.)

- Count II: Injunctive Relief.  (Id. ¶¶ 46–49.)

- Count III: Contractual Breach of Implied Covenant of Good
  Faith and Fair Dealing.  (Id. ¶¶ 50–56.)

- Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq. (Id.
  ¶¶ 57–66.)

- Count V: Violation of Real Estate Settlement and Procedures
  Act (RESPA).  (Id. ¶¶ 67–73.)

- Count VI: Rescission.  (Id. ¶¶ 74–78.)

- Count VII: Unfair and Deceptive Business Act Practices
  (UDAP).  (Id. ¶¶ 79–85.)

- <u>Count VIII</u>:   Breach of Fiduciary Duty.  (<u>Id.</u> ¶¶ 86–90.)

- <u>Count IX</u>:   Unconscionability– UCC-2-3202.  (<u>Id.</u> ¶¶ 91–94.)

- <u>Count X</u>:   Predatory Lending.  (<u>Id.</u> ¶¶ 95–109.)

- <u>Count XI</u>:   Quiet Title.  (<u>Id.</u> ¶¶ 110–13.)

- <u>Count XII</u>:   Wrongful Foreclosure and Ejectment.  (<u>Id.</u> ¶¶ 114–117.)

Plaintiffs reside in the State of Hawaiʻi.  (<u>Id.</u> ¶ 1.)  The claims in Plaintiffs' Complaint relate to a mortgage and note entered into on or about November 21, 2005 for the purchase of real property located at 38 Lehuapueo Place, Wailuku, Hawaii (the "Subject Property").  (<u>Id.</u> ¶ 2–3.)  The mortgage, which was recorded in the Bureau of Conveyances on November 29, 2005, lists GMAC Mortgage Corp. as the originating lender on the loan.[1]  (Doc. # 19-5.)

---

[1]  The Court takes judicial notice of the mortgage, Notice of Mortgagee's Intention to Foreclose Under Power of Sale, Mortgagee's Affidavit of Foreclosure Under Power of Sale, and which are public documents recorded in the Bureau of Conveyances.  <u>See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.</u>, 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001)).

On November 3, 2009, GMAC Mortgage LLC recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale, which was recorded in the Bureau of Conveyances.  (Doc. # 19-6.)  The foreclosure auction took place on February 16, 2010, and the Subject Property was sold to GMAC Mortgage, LLC.  (Doc. # 19-7.)  The Subject Property was subsequently conveyed to the Federal National Mortgage Association ("FNMA") by Quitclaim Deed recorded on April 19, 2010.  (Doc. 19-8.)  On September 8, 2010, FNMA filed a Complaint for Ejectment in the District Court of the Second Circuit, Wailuku Division, State of Hawaiʻi.  (Compl. Ex. B.)

On June 6, 2011, Plaintiffs filed their Complaint.  Plaintiffs allege that Defendants "failed to provide the requisite Federal forms and disclosures including but not limited to the Truth in Lending act, Equal Opportunity Credit Act, Fair Lending/Fair Debt Collection Act as well as others."  (Compl. ¶ 10.)  Plaintiffs also contend that Defendants failed perform their due diligence and failed to properly qualify Plaintiffs for an affordable loan.  (Id. ¶¶19–21.)  Plaintiffs further allege that GMAC received "Unjust Enrichment from receiving a 'discount fee.'" (Id. ¶ 22-23.)

4

On September 27, 2011, Defendants filed the instant Motion to Dismiss. ("Mot.," Doc. # 19.) Plaintiffs did not file an Opposition, and Defendants did not file a Reply.

## STANDARD OF REVIEW

I.   Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Colony Cove Properties, LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ( "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties

and the court." Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F .3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ( "Something labeled a complaint but written ..., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Id. (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.

Ct. at 1950.  Legal conclusions must be supported by factual allegations.  Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

III.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u–4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.

2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter ... simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

I.      <u>Counts I, II, and VI:  Declaratory and Injunctive Relief, and Rescission</u>

Defendants assert that Plaintiffs' counts for declaratory and injunctive relief (Counts I and II) and rescission (Count VI) should be dismissed because they are remedies, not causes of action.  ("Memo," Doc. # 19-3 at 4.)  The Court agrees that these Counts fail to state a claim.

It is well-settled that a claim for "injunctive relief" standing alone is not a cause of action.  <u>See, e.g.</u>, <u>Jensen v. Quality Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); <u>Henke v. ARCO Midcon, L.L.C.</u>, 750 F. Supp. 1052, 1059–60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); <u>Motley v. Homecomings Fin., LLC</u>, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (no independent cause of action for injunction exists).  Injunctive relief may be available if Plaintiffs are entitled to such a remedy on an independent cause of action.

Similarly, generally "[r]escission is only a remedy, not a cause of action."  <u>Bischoff v. Cook</u>, 118 Hawaiʻi 154, 163, 185 P.3d 902, 911 (App. 2008).  The remedy thus "rises or falls with [the] other claims."  <u>Ballard v. Chase Bank USA, NA</u>, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010).  Here, Plaintiffs

expressly recognized in Count VI that they are seeking rescission for TILA violations, RESPA, Fraudulent Concealment, Deceptive Acts and Practices, and Public Policy Grounds, "each of which provides independent grounds for relief." (Compl. ¶ 75.)

As to declaratory relief, Plaintiffs appear to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[2] Count I alleges that "[a]n actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights and duties, in that Plaintiffs contend[ ] that Defendants did not have the right to foreclose on the Subject Property[.]" (Compl. ¶ 42.) Plaintiffs ask the Court to declare that "the purported power of sale contained in the Loan [is] of no force and effect at this time" because of "numerous violations of State and Federal laws designed to protect borrower[s.]" (Id. ¶ 43.) Plaintiffs further state that "[a]s a result of Defendants' actions, Plaintiffs have suffered damages . . .

---

[2] The Declaratory Judgment Act provides in pertinent part:
a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
28 U.S.C. § 2201(a).

and seek[ ] declaratory relief that Defendants' purported power of sale is void[.]"

(Id. ¶ 44.)

In light of these allegations, declaratory relief is not a cognizable independent cause of action.  See Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotations omitted)).  Because Plaintiffs' claims for declaratory relief are based on allegations of Defendants' past actions, a claim for declaratory relief is improper and duplicative of Plaintiffs' other claims.  See Marzan v. Bank of Am., 779 F. Supp. 2d 1140, 1146 (D. Haw. 2011); Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief "rises or falls with [the] other claims.") (citation omitted); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).

Accordingly, the Court DISMISSES Counts I, II and VI without leave to amend.  If Plaintiffs eventually prevail on an independent claim, the court will necessarily render a judgment setting forth as such and providing appropriate

13

remedies.  Similarly, if injunctive relief is proper, it will be because Plaintiffs

prevail, or have met the necessary test for such relief under Rule 65 of the Federal

Rules of Civil Procedure, on an independent cause of action.

II.    Count III:  Contractual Breach of Implied Covenant of Good Faith and Fair
Dealing

Count III alleges that "every contract imposes upon each party a duty

of good faith and fair dealing in its performance and its enforcement."  (Compl.

¶ 51.)  Plaintiffs allege that "Defendants willfully breached their implied covenant

of good faith and fair dealing" by, among other things, willfully withholding

disclosures and placing Plaintiffs in a loan that they did not qualify for.  (Id.)

This claim essentially asserts the tort of "bad faith."  See Best Place v.

Penn Am. Ins. Co., 82 Hawai'i 120, 128, 920 P.2d 334, 342 (1996) (adopting tort

of bad faith or breach of implied covenant of good faith and fair dealing in an

insurance contract).  However, while bad faith is an accepted tort regarding an

insurance contract context, it has not been recognized in Hawai'i based upon a

mortgage loan contract.

To the contrary, the Supreme Court has refused to extend the tort to a

claim of a breach of an employment contract and, in so doing, used language

indicating that it would be unlikely to extend it to a breach of a mortgage loan

14

contract.  See Francis v. Lee Enterprises, Inc., 89 Hawai'i 234, 238, 971 P.2d 707,

711 (1999) ("Other jurisdictions recognizing the tort of bad faith . . . limit such

claims to the insurance context or situations involving special relationships

characterized by elements of fiduciary responsibility, public interest, and

adhesion.") It is therefore unlikely that Plaintiffs could prevail on this claim.

      Moreover, even assuming a bad faith tort were cognizable outside the

insurance context, it is well-settled that a party cannot breach the covenant of good

faith and fair dealing before a contract is formed.  See Indep. Order of Foresters v.

Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied

covenant relates only to the performance under an extant contract, and not to any

pre-contract conduct."). Hawai'i follows this distinction. See Young v. Allstate Ins.

Co., 198 P.3d 666, 690 (Haw. 2008) (indicating the covenant of good faith does

not extend to activities occurring before consummation of an insurance contract).

Because the allegations in Count III concern pre-contract actions, Defendants

cannot be liable for bad faith.  See Marzan, 779 F. Supp. 2d at 1148 (dismissing an

identical bad faith claim);  see also Larson v. Homecomings Fin., LLC, 680 F.

Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely

around alleged misrepresentations made before the [mortgage loan] contract was

entered into, [the bad faith claim] fails as a matter of law.").

Further, to the extent Plaintiffs are attempting to assert bad faith in the performance of a contractual right to foreclose, "a court should not conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing." Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (citation omitted). "The covenant [of good faith] does not impose any affirmative duty of moderation in the enforcement of legal rights." Id. (internal quotation and citation omitted).

Accordingly, the Court DISMISSES Count III of the Complaint.

III.    Count IV:  Violation of TILA, 15 U.S.C. § 1601, et. seq.

Defendants argue that Plaintiffs' TILA claims for damages and rescission are time-barred.

A.    TILA Rescission Claim

Section 1635(a), TILA's so-called "buyer's remorse" provision, gives borrowers three business days to rescind a loan agreement without penalty. Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the date of

16

consummation of the transaction or upon the sale of the property, whichever occurs

first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir.

1986).  A borrower's right to rescind extends for three years if a lender fails to

disclose the right to rescind or fails to make any other "material disclosure." 12

C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures

include the annual percentage rate, the finance charge, the amount financed, the

total of payments, and the payment schedule).

Here, the rescission claim would be time-barred.  Plaintiffs

consummated their loan on November 21, 2005.  See Jackson v. Grant, 890 F.2d

118, 121 (9th Cir. 1989) (holding that for TILA purposes, "the transaction is

consummated when the lender and borrower sign a contract obligating them,

respectively, to lend and to borrow the funds" (emphasis added)).  Plaintiffs did not

commence this action until June 6, 2011, more than three years after the loan

transaction was consummated.  Plaintiffs' claim for rescission pursuant to the

alleged TILA violation is therefore barred by the statute of limitations.  Equitable

tolling does not apply to claims for rescission under TILA.  Beach v. Ocwen Fed.

Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes

the right of rescission at the end of the 3-year period"); see also Miguel v. Country

Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that

17

"§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); see also King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).

Moreover, a foreclosure sale already occurred, (see Compl. ¶ 116; Mot. Ex. D), which disposes of the rescission claim.  See 15 U.S.C. § 1635(f); Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 894 (D. Haw. 2011) ("Even an involuntary sale of the subject property terminates a borrower's right to rescind."). Therefore, Plaintiffs' TILA rescission claim cannot be cured by amendment.

B.    TILA Damages Claim

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction. King, 784 F.2d at 915.  Equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  Id.  District courts "can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."  Id.  However, when a plaintiff fails

18

to allege facts demonstrating that he could not have discovered the purported TILA

violation with reasonable diligence, dismissal is appropriate and equitable tolling

will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir.

2003) (refusing to apply equitable tolling for failure to make required disclosures

under TILA when the plaintiff was in full possession of all loan documents and did

not allege fraudulent concealment or any other action that would have prevented

discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir.

1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA

claim because "nothing prevented [the plaintiff] from comparing the loan contract,

Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

Where the basis of equitable tolling is fraudulent concealment, it must be pled with

particularity under Rule 9(b) of the Federal Rules of Civil Procedure. 389 Orange

St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999).

      As stated above, Plaintiffs consummated the loan transaction on

November 21, 2005, more than five years before initiating the present lawsuit on

June 6, 2011.  Thus, Plaintiffs' TILA claim for damages is time-barred unless

equitable tolling applies.  The Complaint alleges that the statute of limitations was

"tolled due to Defendants' failure to effectively provide the required disclosures

and notices."  (Compl. ¶ 61.)  However, this assertion does not satisfy equitable

tolling because it would merely establish the TILA violation itself.  See, e.g., Marzan, 779 F. Supp. 2d at 1149; Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); Jacob v. Aurora Loan Servs., 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless.").

The Complaint lacks any factual allegations indicating that any of the Defendants prevented Plaintiffs from discovering the alleged TILA violation or caused Plaintiffs to let the filing deadline pass.  See, e.g., O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Because of the absence of any factual allegations to support the inference that Plaintiffs lacked reasonable opportunity to discover the purported TILA violation,

equitable tolling does not apply.  See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902–03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

Accordingly, the Court DISMISSES Plaintiffs' TILA claim for damages WITHOUT PREJUDICE.[3]

IV.    Count V:  Violation of Real Estate Settlement and Procedures Act (RESPA)

Count V alleges that Defendants "gave, provided or received a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums[.]" (Compl. ¶ 71.)  Plaintiffs also allege that defendants "charged fees in excess of the reasonable value of goods provided and/or services rendered."  (Id. ¶ 72.)

---

[3]    Defendants argue that TILA does not impose a duty on mortgage servicers or nominees.  In light of the Court's determination to dismiss Plaintiffs' TILA claims, the Court need not reach this issue.

Plaintiffs are apparently claiming a violation of RESPA under 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees.

As a preliminary matter, Plaintiffs' claim that Defendants charged fees in excess of the reasonable value of goods or services fails because § 2607 does not prohibit excess fees or overcharging.  See Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 553–54 (9th Cir. 2010) (stating that § 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed").  Plaintiffs do not allege that any fees were paid for services not actually rendered.

Plaintiffs' RESPA claims are also time-barred.  RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' " (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).

Here, Plaintiffs' RESPA claim appears to arise from the loan origination, which occurred more than five years before Plaintiffs initiated the instant lawsuit.  Therefore, Plaintiffs' RESPA claim is time-barred unless equitable tolling applies.  However, Plaintiffs do not assert in their Complaint that the statute of limitations should be tolled and do not otherwise allege specific facts demonstrating that they could not have discovered the alleged RESPA violation with due diligence.  See Santa Maria, 202 F.3d at 1178.

Accordingly, the Court DISMISSES Plaintiffs' RESPA claim without prejudice.

V.    Count VII:  Unfair and Deceptive Business Act Practices (UDAP)

Plaintiffs' UDAP claim alleges that Defendants "consummat[ed] an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiffs of their home, equity, as well as their past and future investment." (Compl. ¶ 84.) Count VII further alleges that Defendants "failed to undergo a diligent underwriting process[,] . . . failed to properly adjust and disclose facts and circumstances relating to Plaintiffs['] mortgage loan and placed Plaintiffs in a

loan . . . which they should never have been approved for because they could not afford it." (Id. ¶ 80.) Plaintiffs are apparently alleging a claim under Hawai'i Revised States § 480-2.

Plaintiffs fail to state a claim under section 480-2. "[L]enders generally owe no duty to a borrower 'not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay.'" McCarty v. GCP Management, LLC, 2010 WL 4812763, at *6 (D. Haw. Nov. 17, 2010) (quoting Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991). The Complaint does not allege any facts indicating that Defendants took any action exceeding the scope of the conventional role of lender.

The Court also notes that to the extent that Plaintiffs' UDAP claim is based on Defendants' alleged fraudulent activity, Plaintiffs must plead the claim with particularity as required by Fed. R. Civ. P. 9(b). See Caniadido v. MortgageIT, 2011 WL 3837265, at *11 (citing Smallwood v. NCsoft Corp., 730 F. Supp. 2d 1213, 1232–33 (D. Haw. 2010) (relying on Kearns v. Ford Motor Co.,

567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in

fraud must be pled with particularity)).  None of Plaintiffs' allegations assert

"'particularized allegations of the circumstances constituting fraud' such as the

time, place, and nature of the alleged fraud, and how each Defendant participated

in the fraud."  See id. (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547

(9th Cir. 1994) (en banc)) (emphasis in original).

Accordingly, the Court DISMISSES Count VII.[4]

## VI.    Count VIII:  Breach of Fiduciary Duty

Plaintiffs allege that Defendants owed a fiduciary duty to Plaintiffs

and breached that duty by, among other things, failing to advise Plaintiffs "when

Defendants knew or should have known that Plaintiffs would [have] a likelihood of

defaulting on the loan[.]" (Compl. ¶ 87.)

Generally, however, no fiduciary duty exists between borrowers and

lenders.  Unless a special relationship exists between a borrower and lender that

elevates the lender's responsibility, the standard "arms-length business

relationship" applies. Giles v. General Motors Acceptance Corp., 494 F.3d 865,

_____

[4]  Defendants argue that Plaintiffs' allegations concern the origination of
Plaintiffs' loan; thus, they fail as against GMAC Mortgage, LLC (the loan's
servicer), MERS (nominee) and FNMA.  (Memo at 13.)  The Court need not
address these arguments because of its determination that this claim should be
dismissed.

883 (9th Cir. 2007); see also Pension Trust Fund for Operation Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002); Shepherd v. Am. Home Mortg. Servs., Inc., 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority for the proposition that AHMSI or Deutsche owed a duty to not cause plaintiff harm in their capacities as servicer and [successor] to the original lender in ownership of the loan, respectively. . . . In fact, loan servicers do not owe a duty to the borrowers of the loans they service.").

Here, Plaintiffs make no allegations suggesting that their relationship with Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  The conclusory allegation that "Defendants owed a fiduciary duty to Plaintiffs," without more, is wholly insufficient to establish the existence of a fiduciary duty.  Therefore, the Court DISMISSES Count VIII of the Complaint.

VII.    Count IX:  Unconscionability – UCC-2-3202

Plaintiffs allege that "based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiffs, the court may find that the loan agreement and trust deed are unconscionable and of no force or effect."  (Compl. ¶ 94.)

26

"Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief.  See, e.g., Gaitan v. Mortg. Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); Carey v. Lincoln Loan Co., 203 Or. App. 399, 125 P.3d 814, 829 (2005) ("[U]nconscionability is not a basis for a separate claim for relief."); see also Barnard v. Home Depot U.S.A., Inc., 2006 WL 3063430, at *3 n. 3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).

To the extent that unconscionability can be affirmatively raised as part of an independent cause of action, such a claim is asserted to prevent the enforcement of a contract where "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . ." Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiffs do not identify the specific terms or conditions alleged to be unconscionable, nor do they explain how or why those clauses or conditions are so one-sided as to be unconscionable.  As Defendants note, Plaintiffs "focus[]

not on the substance of the loan or mortgage contracts, but on Defendants' pre-contract practices," which is not sufficient to state a claim for relief.  Accordingly, the Court DISMISSES Count IX of the Complaint.

VIII.   Count X:  Predatory Lending

Count X asserts a number of allegations–including targeting of unsophisticated persons, improper underwriting, and marketing the loan on the basis of fraud–that form the basis of other independent claims.

Courts, however, have held that there is no common law claim for "predatory lending."  See Haidar v. BAC Home Loans Servicing, LP, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) (agreeing that "there is no cause of action for predatory lending"); Pham v. Bank of Am., N.A., 2010 WL 3184263, at *4 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending").  "To the extent such 'predatory' actions provide a claim for relief, they appear to be grounded in another statutory or common-law cause of action such as fraud—the term 'predatory lending' is otherwise too broad."  Marzan, 779 F. Supp. 2d at 1155 (citing Vissuet v. Indymac Mortg. Servs., 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing claim for "predatory lending" with leave to amend—agreeing that the term is expansive and fails to provide proper notice, where Defendants "are left to guess whether this cause of action is based on an

28

alleged violation of federal law, state law, common law, or some combination")));

see also Hambrick v. Bear Stearns Residential Mortg., 2008 WL 5132047, at *2

(N.D. Miss. Dec. 5, 2008) (dismissing a claim for predatory lending where

plaintiffs failed to cite any "[state] or applicable federal law, precedential or

statutory, creating a cause of action for 'predatory lending.'  The court is unaware

of any such cause of action.").

As Hawai'i courts have not recognized predatory lending as a

common-law cause of action and the term remains ambiguous, recognizing a cause

of action in the instant case would fail to provide Defendants proper notice.  See

Marzan, 779 F. Supp. 2d at 1156.[5]

Accordingly, the Court DISMISSES Count X.

IX.    Count XI: Quiet Title

Count XI of the Complaint alleges that "Defendants have no legal or

equitable right, claim, or interest" in the Subject Property and seeks a declaration

that the "title to the Subject Property is vested in Plaintiffs alone[.]" (Compl.

¶¶ 112–13.)

---

[5]  Defendants argue that Plaintiffs' predatory lending claim also fails as against GMAC Mortgage, LLC, MERS and FNMA because these Defendants did not participate in the origination of Plaintiffs' loan.  Because the Court dismisses this claim, it will not reach this issue.

The Court construes Count XI as a claim under Haw. Rev. Stat. § 669–1(a), which provides that quiet title "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."  Plaintiffs fail to plead any facts regarding the interests of the parties. Throughout the Complaint, Plaintiffs make blanket statements about Defendants without recognizing that Defendants constitute multiple entities.  As such, the Court is unable to determine the parties' rights and interests in the Subject Property.  Thus, Plaintiffs' claim for quiet title fails.  Accordingly, the Court DISMISSES Count XI.

X.     Count XII:  Wrongful Foreclosure and Ejectment

Count XII alleges that Defendants "engaged in a series of events" resulting in a wrongful foreclosure.  (Compl. ¶ 115.)  Plaintiffs further allege deficiencies with the foreclosure sale and the state court ejectment action.  (Id. ¶ 116.)

It is unclear to the Court what specific claim for relief Plaintiffs are alleging.  Plaintiffs fail to cite any relevant statute or law, and the Court will not speculate as to what law or theory Plaintiffs are suing under.  Moreover, the Court

is unclear as to the relief Plaintiffs are seeking as Plaintiffs informed the Court at

the hearing that they have already been ejected from the Subject Property.[6]

Accordingly, Defendants' Motion is GRANTED as to Count XII.

## XI.   Leave to Amend

The Court recognizes that it may be possible for Plaintiffs to cure the

defects of the dismissed claims if provided the opportunity to amend their

Complaint.  Accordingly, the Complaint is dismissed as against all Defendants in

this action with leave to amend, except for Plaintiffs' TILA rescission claim, which

is barred as a matter of law.  The Court will stay the effect of this Order for 30

days, after which Plaintiffs will have 30 days to file an amended Complaint.

Failure to do so will result in dismissal of this action with prejudice. Plaintiffs are

advised that the amended complaint must clearly state how each of the named

defendants have injured them, and it must also clearly identify the statutory

provisions under which Plaintiffs' claims are brought.

---

[6] Defendants argue, among other things, that this Count is an attempt "to interfere with the state court's jurisdiction over the pending ejectment action" in state court by seeking declaratory relief and that any issues regarding the non-judicial foreclosure should be raised as a defense in the state court action.  As the Court is dismissing this Count, it need not reach this issue.

31

CONCLUSION

For these reasons the Court **GRANTS** Defendants' Motion to Dismiss

(Doc. # 19).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 17, 2012.



_____
David Alan Ezra
United States District Judge

Vertido v. GMAC Mortgage Corp. et al., Cv. No. 11-00360 DAE-KSC; ORDER:
GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT