IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY S. VERTIDO an individual, AND DARLENE M. VERTIDO an individual, | ) ) ) ) | CV. NO.  11-00360 DAE-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GMAC MORTGAGE CORP, a Business Entity, form unknown; GMAC MORTGAGE, LLC, a Business Entity form unknown, FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Business Entity form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Business Entity form unknown; and DOES 1–100 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER DISMISSING ACTION

On June 6, 2011, Plaintiffs Anthony S. Vertido and Darlene M.

Vertido (collectively, "Plaintiffs") filed a Complaint in this Court against

Defendants GMAC Mortgage Corp., GMAC Mortgage, LLC, Federal National

Mortgage Association, and Mortgage Electronic Registration Systems (collectively

"Defendants"), alleging that Plaintiffs had been lured into a predatory mortgage

loan. ("Compl.," Doc # 1.)  Specifically, Plaintiffs' Complaint alleges the

following Counts:

- Count I:      Declaratory Relief.  (Id. ¶¶ 42–45.)

- Count II:     Injunctive Relief.  (Id. ¶¶ 46–49.)

- Count III:    Contractual Breach of Implied Covenant of Good

        Faith and Fair Dealing.  (Id. ¶¶ 50–56.)

- Count IV:     Violation of TILA, 15 U.S.C. § 1601, et. seq. (Id.

        ¶¶ 57–66.)

- Count V:      Violation of Real Estate Settlement and Procedures

        Act (RESPA).  (Id. ¶¶ 67–73.)

- Count VI:     Rescission.  (Id. ¶¶ 74–78.)

- Count VII:    Unfair and Deceptive Business Act Practices

        (UDAP).  (Id. ¶¶ 79–85.)

- Count VIII:   Breach of Fiduciary Duty.  (Id. ¶¶ 86–90.)

- Count IX:     Unconscionability– UCC-2-3202.  (Id. ¶¶ 91–94.)

- Count X:      Predatory Lending.  (Id. ¶¶ 95–109.)

- Count XI:     Quiet Title.  (Id. ¶¶ 110–13.)

- Count XII:    Wrongful Foreclosure and Ejectment.  (Id.

        ¶¶ 114–117.)

2

The claims in Plaintiffs' Complaint relate to a mortgage and note entered into on or about November 21, 2005 for the purchase of real property located at 38 Lehuapueo Place, Wailuku, Hawaii (the "Subject Property").  (Id. ¶ 2–3.)

According to the filings by the parties, the mortgage, which was recorded in the Bureau of Conveyances on November 29, 2005, lists GMAC Mortgage Corp. as the originating lender on the loan.  (Doc. # 19-5.)  On November 3, 2009, GMAC Mortgage LLC recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale, which was recorded in the Bureau of Conveyances.  (Doc. # 19-6.)  The foreclosure auction took place on February 16, 2010, and the Subject Property was sold to GMAC Mortgage, LLC.  (Doc. # 19-7.)  The Subject Property was subsequently conveyed to the Federal National Mortgage Association ("FNMA") by Quitclaim Deed recorded on April 19, 2010.  (Doc. 19-8.)  On September 8, 2010, FNMA filed a Complaint for Ejectment in the District Court of the Second Circuit, Wailuku Division, State of Hawai'i.  (Compl. Ex. B.)

On June 6, 2011, Plaintiffs filed their Complaint.  Plaintiffs alleged that Defendants "failed to provide the requisite Federal forms and disclosures including but not limited to the Truth in Lending act, Equal Opportunity Credit Act, Fair Lending/Fair Debt Collection Act as well as others."  (Compl. ¶ 10.)

3

Plaintiffs also asserted that Defendants failed to perform their due diligence and failed to properly qualify Plaintiffs for an affordable loan.  (Id. ¶¶19–21.) Plaintiffs further alleged that GMAC received "Unjust Enrichment from receiving a 'discount fee.'" (Id. ¶¶ 22-23.)

On September 27, 2011, Defendants filed a Motion to Dismiss.  (Doc. # 19.)  Plaintiffs did not file an opposition, and Defendants did not file a reply. The Court held a hearing on Defendants' Motion to Dismiss on January 17, 2012. On the same day, the Court issued an Order Granting Defendants' Motion to Dismiss Complaint. (Doc. # 29.)  The Court granted Plaintiffs leave to amend their Complaint, except for their TILA rescission claim.  (Id. at 31.)  The Court advised Plaintiff as follows:

> The Court will stay the effect of this Order for 30 days, after which Plaintiffs will have 30 days to file an amended Complaint.  Failure to do so will result in dismissal of this action with prejudice.  Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.

(Id.)  To date, Plaintiffs have not filed an amended complaint nor taken further action in these proceedings.

4

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

> [A] dismissal under this subdivision (b) and any dismissal not under
> this rule-except one for lack of jurisdiction, improper venue, or
> failure to join a party under Rule 19-operates as an adjudication on the
> merits.

Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to <u>sua</u> <u>sponte</u>

dismiss actions for failure to prosecute or for failure to comply with court orders.

<u>See</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–31 (1962) ("The power to invoke

this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts.").

The Court has discretion to dismiss a plaintiff's action for failure to comply with

an order requiring him to file an amended pleading within a specified time period.

<u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court

must weigh to determine whether to dismiss a claim for failure to comply with a

court order).

Before dismissing an action for failure to prosecute, the court must

weigh the following factors: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Id. at 642 (citing

Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.      Expeditious Resolution and Need to Manage Docket

        The Court informed Plaintiffs that it would stay the effect of its Order

Granting Defendants' Motion to Dismiss for 30 days, after which Plaintiffs would

have 30 days to file an amended Complaint.  (See Doc. # 29 at 31.)  Plaintiffs'

failure to amend their complaint hinders the Court's ability to move this case

forward and indicates that Plaintiffs do not intend to prosecute this action.  See

Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's

interest in expeditious resolution of litigation always favors dismissal.").  This

factor plainly favor dismissal.

II.     Prejudice to Defendants

        The risk of prejudice to a defendant is related to the plaintiff's reason

for failure to prosecute an action.  See Pagtalunan, 291 F.3d at 642 (citing Yourish,

191 F.3d at 991).  Plaintiffs offer no excuse or explanation for their failure to file

an amended complaint.  When a party offers no excuse for failing to comply with a

court's order, the risk of prejudice to the opposing party weighs in favor of

dismissal.  See Yourish, 191 F.3d at 991–92.

6

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal.  Although Plaintiffs had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiffs leave to amend their Complaint.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)  ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Plaintiffs have given this Court no indication that they intend to prosecute this action.  In fact, to date Plaintiffs have taken no further action in these proceedings.  This Court has attempted to explore "possible and meaningful alternatives to dismissal."  Id.  Plaintiffs have been non-responsive and noncompliant with respect to these alternatives.  Given Plaintiffs' failure to prosecute this action, there is no appropriate alternative to dismissal.

IV.    Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  It is, however, a plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

Plaintiffs have failed to discharge this responsibility despite the Court's order to the contrary.  Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

Plaintiffs' Action is therefore **DISMISSED**.

<u>CONCLUSION</u>

For these reasons, Plaintiffs' Action is **DISMISSED**.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, April 26, 2012.



_____
David Alan Ezra
United States District Judge

<u>Vertido v. GMAC Mortgage Corp., et al.</u>, Cv. No. 11-00360 DAE-KSC; ORDER DISMISSING ACTION

8